## COLONNA v. MERCHANTS & MINERS TRANSP. CO.

### No. 4568.

Circuit Court of Appeals, Fourth Circuit.

. June 10, 1940.

---

John W. Oast, Jr., and Sidney H. Kelsey, both of Norfolk, Va., for appellant.

Leon T. Seawell, of Norfolk, Va., for appellee.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

The appellant, Mary E. Colonna, administratrix of the estate of Preston P. Colonna, deceased, here referred to as the plaintiff, instituted this action in March, 1939, against the appellee, Merchants & Miners Transportation Company, a corporation, here referred to as the defendant, in the District Court of the United States for the Eastern District of Virginia, at Norfolk, to recover damages for the death of Preston P. Colonna, her husband. A trial was had in July, 1939, and at the conclusion of plaintiff's evidence the trial judge directed a verdict for the defendant. Upon the verdict, returned in accordance with this direction, judgment was entered for the defendant. From this action this appeal was brought by the plaintiff.

In September, 1939, plaintiff filed a motion to set aside the judgment and grant a new trial. Objection to this motion was made on behalf of the defendant on the ground that the motion was not made within the time prescribed by Rule 59 of paragraph 5 of Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

The trial judge overruled the motion on two grounds; first, that the motion was not made within the time prescribed by the Rule and, second, that no additional reason or authority was submitted which would convince him that his action, in directing the verdict, was erroneous.

The point as to the time in which the motion to set aside the judgment was made is not discussed by either party in their briefs and in view of our conclusion, as hereinafter stated, it is not necessary to consider it here.

The sole question presented on this appeal is whether there was sufficient evidence on behalf of the plaintiff, considered in the light most favorable to her, to take the case to the jury.

Preston P. Colonna, the deceased, was employed as a deck hand by the defendant company and worked on its tug Apollo. He was an experienced deck hand, twenty-eight years old at the time of his death. On December 24, 1938, at about six o'clock P.M. the tug upon which Colonna was working went to the defendant's pier in Elizabeth River to tow two large covered barges from that pier across the harbor, a distance of about three quarters of a mile, usually traversed in approximately ten minutes; one barge to be taken to the Atlantic Coast Line pier and the other barge to the Southern Railway pier.

At the time of the occurrence in question the weather was cold but not rough; there was a little flood tide and a westerly wind. After the tug tied up alongside the barges the deceased went on the dock, carrying two lanterns to be placed on the outside barge, cast off the lines holding the barges and gave the tug master the signal "all gone" whereupon the tug went ahead and the deceased then gave the signal "all clear" and the tug proceeded on its journey. The deceased was supposed to remain on the outside barge, the one furthest away from the tug, to act as lookout while crossing the harbor.

When the tug and barges were about half way across the harbor the forward coupling between the two barges came loose from one of the barges, so that the outer barge swung around behind the other barge. The master of the tug sent the other deck hand to assist Colonna in recoupling the barges; this deck hand returned and reported to the master that he could not find Colonna on the barges. By this time the tug was very close to the

Coast Line dock and the master, as soon as possible, tied both barges to that dock, not delaying to go to the Southern Railway dock with the barge to be left there, and returned to make a search for the missing deck hand. The master of the tug testified as a witness for the plaintiff that at that time he did not know whether Colonna had started on the barges or had been left on defendant's pier. There was no evidence that anyone heard any outcry from the deceased deck hand or any noise of anyone falling into the water. The tug, with her searchlight turned on, went back on a zig-zag course with the deck hand stationed up in her bow as a lookout, if Colonna should be found in the water. Colonna was reported to be a good swimmer. When the tug returned to defendant's dock a search was made around the ends of the piers and under them, but no trace of the missing deck hand could be found. A report of the occurrence was made and a brother-in-law of the deceased went with the master of the tug back to the Atlantic Coast Line dock where a thorough search was again made of the two barges. The Coast Guard was notified and assisted the tug in dragging for Colonna's body, but it was not found. Two days later the body was found about seventy-five feet off the end of the defendant's dock. It was proven that his death was caused by drowning.

It is contended on behalf of the plaintiff that the master of the tug failed to act promptly on discovering that Colonna was missing; that such failure constituted negligence, and that there was sufficient evidence of negligence to take the case to the jury.

■ A careful consideration of the evidence on behalf of the plaintiff, no other evidence was introduced, viewing it in the light most favorable to the plaintiff's contention, leads us to the conclusion that the master acted promptly and efficiently in the course he pursued.

That the evidence must be viewed in the light most favorable to the plaintiff's contention on a motion for a directed verdict is well settled and we know of no contrary holding (Waid v. Chesapeake & O. R. Co., 4 Cir., 14 F.2d 90, and cases there cited), but it is equally well settled that where the facts are undisputed and conflicting inferences cannot be drawn therefrom the effect of them is for the judgment of the court, and not for the decision of the jury. Sioux City & P. Railroad Co. v. Stout, 17 Wall. 657, 21 L.Ed. 745.

"When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court." Grand Trunk Railway Company of Canada v. Albert Ives, 144 U.S. 408, 12 S.Ct. 679, 683, 36 L.Ed. 485.

■ The first knowledge the master of the tug had of the fact that Colonna was missing came to him when he was at least half way across the harbor; and after a search had been made on the barges and Colonna not found the tug and tow were very close to the Atlantic Coast Line dock. The master of the tug could not turn the two barges loose, in a busy harbor, on a dark night, to go back with the tug alone to search for Colonna. To have lowered a life boat and row across the harbor or to have returned with the tow attached to the tug would have taken more time than was taken by the course the master did pursue. He proceeded at once the short distance to the Atlantic Coast Line dock, tied up his barges, and hurried back with the tug to hunt for the missing deck hand. The master of the tug pursued the only reasonable and the most expeditious course that he could have taken, and we can find nothing in the evidence that in any way proves him guilty of negligence or fault.

The official log of the tug showed that the master left the Merchants & Miners pier at 6:05 P. M., and after reaching the Atlantic Coast Line pier at 6:15 P. M., left the Atlantic Coast Line pier at 6:17 P. M., and arrived back at the Merchants & Miners pier at 6:25 P. M. We cannot see how it could have been possible for the tug master to have moved more quickly, in his effort to aid the missing deck hand, than he did.

It is also contended on behalf of the plaintiff that on leaving defendant's dock the barges struck the end of the dock and that Colonna might have been knocked off the barge at that time, but there is not sufficient evidence upon which to base such a finding.

Recoveries cannot be based upon pure surmise or mere guess. When a plaintiff seeks to recover damages such recovery must be based upon some substantial evidence sufficient to support a verdict. The judge below properly directed a verdict for the defendant, under the evidence, and the judgment is accordingly affirmed.

Affirmed.